In re James Bronce **HENDERSON, III**, Debtor.

No. 02–16887–9P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 30, 2003.

Asher Rabinowitz, Tampa, FL, Lynn V. Cravey, St. Petersburg, FL, for Debtor.

Hywel Leonard, Edward S. Whitson, III, Tampa, FL, for Van Buren Industrial Investors, LLC.

Patrick Tinker, Tampa, FL, U.S. Trustee.

*ORDER ON VAN BUREN INDUSTRIAL INVESTORS' MOTION TO COURT TO SET HEARING ON EXTENT OF "CAPPED" CLAIM*

(Docket No. 270)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration before this Court in the case of James Bronce Henderson, III (Debtor) is a very precise issue, which is a request for a determination of the date from which the claim of Van Buren Industrial Investors (Van Buren) runs against the Debtor. A brief recap of the relevant facts is as follows.

On August 5, 2003, this Court entered its Findings of Fact and Conclusions of Law determining that Van Buren held a claim against the Debtor based upon his guaranty of the lease between DCT and Van Buren. This Court determined that the "cap" imposed by 11 U.S.C. § 502(b)(6) would apply to Van Buren's claim against the Debtor and directed the parties to reach an agreement upon the extent of the cap. No agreement was reached and thus, this Motion was filed.

It is the position of the Debtor that the date that the cap should commence on February 14, 2002, when the DCT bankruptcy case was filed. In opposition, Van Buren asserts that the date of the cap should commence on April 21, 2002, the date that the DCT lease with Van Buren was rejected.

This Court has considered the arguments advanced by the respective parties, together with applicable law and is satisfied that the date that the cap should commence is April 21, 2002, the date that the DCT lease with Van Buren was rejected. 11 U.S.C. § 502(b)(6)(A)(i) and (ii) states that rejection damages run from the earlier of (a) the date of the filing of the petition or (b) the date on which the lease was rejected. This Court is satisfied that Section 502 of the Code did not contemplate that the date of the filing of the "petition" be for a different debtor, in this case, DCT, but can only be interpreted to be the petition date of the debtor in which the dispute is claimed, which in this case, is Mr. Henderson's bankruptcy case, or August 29, 2002, the date he filed his voluntary petition.

In this case, the earlier date is the date that the lease between Van Buren and DCT was rejected, which is April 21, 2002. Thus, this Court is satisfied that the allowed capped claim of Van Buren is $2,699,692.97.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Van Buren Industrial Investors' Motion to Court to Set Hearing on Extent of "Capped" Claim be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the date for the cap to commence be, and the same is hereby, determined to be April 21, 2002 and the claim of Van Buren be, and the same is hereby, determined to be $2,699,692.97.